**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE FUND, and ENVIRONMENTAL INTEGRITY PROJECT,<br><br>*Petitioners*,<br><br>v.<br><br>LEE ZELDIN, Administrator, U.S. ENVIRONMENTAL PROTECTION AGENCY, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Respondents*. | ) | No. 26-1299 |

**PETITION FOR REVIEW**

Pursuant to Clean Air Act § 307(b)(1), 42 U.S.C. § 7607(b)(1), Rule 15 of the Federal Rules of Appellate Procedure, and Circuit Rule 15, Environmental Defense Fund and Environmental Integrity Project hereby file this petition for review of the interim final rule of Respondents Lee Zeldin, Administrator, United States Environmental Protection Agency, and United States Environmental Protection Agency, entitled "Extending the Reporting Deadline Under the Greenhouse Gas Reporting Rule for Reporting Year 2025 to March 10, 2027," and published in the Federal Register at 91 Fed. Reg. 65112 (Oct. 14, 2026) (attached).

DATED: October 22, 2026

Respectfully submitted,


*<u>/s/ Abel Russ</u>*
Abel Russ
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
aruss@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

*<u>/s/ Edwin LaMair</u>*
Edwin LaMair
Leah Fattor
Rosalie Winn
Peter Zalzal
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
elamair@edf.org
lfattor@edf.org
rwinn@edf.org
pzalzal@edf.org

Keri Davidson
Donahue, Goldberg, & Herzog LLP
1008 Pennsylvania Ave. SE
Washington, DC 20003
keri@donahuegoldberg.com

*Counsel for Environmental Defense Fund*

## RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Petitioners Environmental Defense Fund and Environmental Integrity Project state that they are nonprofit environmental and public health organizations that do not have any parent or publicly held corporation that owns 10% or more of their stock.

DATED: October 22, 2026


/s/ Abel Russ
Abel Russ
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
aruss@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

/s/ Edwin LaMair
Edwin LaMair
Leah Fattor
Rosalie Winn
Peter Zalzal
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
elamair@edf.org
lfattor@edf.org
rwinn@edf.org
pzalzal@edf.org

Keri Davidson
Donahue, Goldberg, & Herzog LLP
1008 Pennsylvania Ave. SE
Washington, DC 20003
keri@donahuegoldberg.com

*Counsel for Environmental Defense Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2026, I have served the foregoing Petition for Review and Rule 26.1 Disclosure Statement through the court's electronic filing system (ECF) and by certified mail to each of the following addresses:

Administrator Lee M. Zeldin
United States Environmental Protection Agency
Office of the Administrator - 1101A
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Todd Blanche
Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

United States Environmental Protection Agency
Correspondence Control Unit
Office of General Counsel - 2311
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

*/s/ Edwin LaMair*
Edwin LaMair

**ATTACHMENT:**

"Extending the Reporting Deadline Under the Greenhouse Gas Reporting Rule for Reporting Year 2025 to March 10, 2027," 91 Fed. Reg. 65112 (Oct. 14, 2026).

TABLE 1 TO PARAGRAPH (e)—SPREADS—Continued

| Maturity point | First quarter 2026 spreads (percent) | Second quarter 2026 spreads (percent) | Third quarter 2026 spreads (percent) | Fourth quarter 2026 spreads (percent) |
|---|---|---|---|---|
| 13.0 | 0.34 | 0.36 | 0.40 | 0.44 |
| 13.5 | 0.31 | 0.32 | 0.36 | 0.39 |
| 14.0 | 0.31 | 0.32 | 0.36 | 0.39 |
| 14.5 | 0.28 | 0.28 | 0.32 | 0.35 |
| 15.0 | 0.28 | 0.28 | 0.32 | 0.35 |
| 15.5 | 0.25 | 0.24 | 0.28 | 0.30 |
| 16.0 | 0.25 | 0.24 | 0.28 | 0.30 |
| 16.5 | 0.22 | 0.21 | 0.23 | 0.26 |
| 17.0 | 0.22 | 0.21 | 0.23 | 0.26 |
| 17.5 | 0.19 | 0.17 | 0.19 | 0.21 |
| 18.0 | 0.19 | 0.17 | 0.19 | 0.21 |
| 18.5 | 0.16 | 0.13 | 0.15 | 0.16 |
| 19.0 | 0.16 | 0.13 | 0.15 | 0.16 |
| 19.5 | 0.13 | 0.10 | 0.11 | 0.12 |
| 20.0 | 0.13 | 0.10 | 0.11 | 0.12 |
| 20.5 | 0.11 | 0.07 | 0.08 | 0.08 |
| 21.0 | 0.11 | 0.07 | 0.08 | 0.08 |
| 21.5 | 0.08 | 0.04 | 0.04 | 0.04 |
| 22.0 | 0.08 | 0.04 | 0.04 | 0.04 |
| 22.5 | 0.06 | 0.01 | 0.01 | 0.01 |
| 23.0 | 0.06 | 0.01 | 0.01 | 0.01 |
| 23.5 | 0.04 | −0.02 | −0.02 | −0.03 |
| 24.0 | 0.04 | −0.02 | −0.02 | −0.03 |
| 24.5 | 0.02 | −0.04 | −0.05 | −0.06 |
| 25.0 | 0.02 | −0.04 | −0.05 | −0.06 |
| 25.5 | 0.00 | −0.06 | −0.07 | −0.08 |
| 26.0 | 0.00 | −0.06 | −0.07 | −0.08 |
| 26.5 | −0.01 | −0.08 | −0.09 | −0.10 |
| 27.0 | −0.01 | −0.08 | −0.09 | −0.10 |
| 27.5 | −0.02 | −0.09 | −0.10 | −0.12 |
| 28.0 | −0.02 | −0.09 | −0.10 | −0.12 |
| 28.5 | −0.03 | −0.10 | −0.11 | −0.12 |
| 29.0 | −0.03 | −0.10 | −0.11 | −0.12 |
| 29.5 | −0.03 | −0.10 | −0.11 | −0.13 |
| 30.0 | −0.03 | −0.10 | −0.11 | −0.13 |

**Joseph Krettek,**

*Assistant General Counsel, Pension Benefit Guaranty Corporation.*

[FR Doc. 2026–21019 Filed 10–13–26; 8:45 am]

**BILLING CODE 7709–02–P**

## ENVIRONMENTAL PROTECTION AGENCY

### 40 CFR Part 98

**[EPA–HQ–OAR–2025- 0186; FRL–12720.2–01–OAR]**

**RIN 2060–AX07**

## Extending the Reporting Deadline Under the Greenhouse Gas Reporting Rule for Reporting Year 2025 to March 10, 2027

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Interim final rule; request for comment.

**SUMMARY:** The Environmental Protection Agency (EPA) is taking interim final action to extend the reporting deadline under the Greenhouse Gas Reporting Rule for reporting year 2025 data from October 30, 2026, to March 10, 2027. This final action only changes the reporting deadline for annual greenhouse gas reports for reporting year 2025 and makes no other changes to the rule. The EPA is requesting comments on all aspects of this interim final rule.

**DATES:** This interim final rule is effective on October 14, 2026. Comments on this rule must be received on or by November 30, 2026.

*Public Hearing.* If anyone contacts the EPA requesting a public hearing on or before October 19, 2026, the Agency will hold a virtual public hearing. See **SUPPLEMENTARY INFORMATION** section for information on requesting and registering for a public hearing.

**ADDRESSES:** You may send comments, identified by Docket Id. No. EPA–HQ–OAR–2025–0186, by any of the following methods:

- *Federal eRulemaking Portal: www.regulations.gov* (our preferred method). Follow the online instructions for submitting comments.
- *Email: a-and-r-docket@epa.gov.* Include Docket ID No. EPA–HQ–OAR–2025–0186 in the subject line of the message.
- *Mail:* U.S. Environmental Protection Agency, EPA Docket Center, Docket ID No. EPA–HQ–OAR–2025–0186, Mail Code 28221T, 1200 Pennsylvania Avenue NW, Washington, DC 20460.
- *Hand/Courier Delivery:* EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Avenue NW, Washington, DC 20004. The Docket Center's hours of operations are 8:30 a.m. to 4:30 p.m., Monday–Friday (except Federal Holidays).

*Instructions:* All submissions received must include the Docket ID No. for this rule. Comments received may be posted without change to *www.regulations.gov,* including any personal information provided. For detailed instructions on

sending comments and additional information on the rulemaking process, see the **SUPPLEMENTARY INFORMATION** section of this document.

**FOR FURTHER INFORMATION CONTACT:** Jennifer Bohman, Emissions Data and Assessments Branch, Natural Resources Division, Office of Clean Air Programs, Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460; telephone number: (202) 343–9548; email address: *GHGReporting@epa.gov.* For technical information, please go to the Greenhouse Gas Reporting Program (GHGRP) website, *www.epa.gov/ghgreporting.*

**SUPPLEMENTARY INFORMATION:**

*Participation in virtual public hearing.* To request a virtual public hearing, contact the public hearing team at (888) 372–8699 or by email at *NRDpublichearing@epa.gov.* If requested, the hearing will be held via virtual platform on October 29, 2026. The EPA will provide further information about the hearing on its website (*https://www.epa.gov/ghgreporting*) if a hearing is requested.

The EPA will begin pre-registering speakers for the hearing no later than one business day after a request has been received. To register to speak at the virtual hearing, please use the online registration form available at *https://www.epa.gov/ghgreporting* or contact the public hearing team at (888) 372–8699 or by email at *NRDpublichearing@epa.gov.* The last day to pre-register to speak at the hearing will be October 26, 2026. Prior to the hearing, the EPA will post a general agenda that will list pre-registered speakers at: *https://www.epa.gov/ghgreporting.*

The EPA will make every effort to follow the schedule as closely as possible on the day of the hearing; however, please plan for the hearings to run either ahead of schedule or behind schedule. The EPA may close the hearing 15 minutes after the last pre-registered speaker has testified if there are no additional speakers. Each commenter will have four minutes to provide oral testimony. The EPA encourages commenters to submit a copy of their oral testimony as written comments electronically to the rulemaking docket. The EPA may ask clarifying questions during the oral presentations but will not respond to the presentations at that time. Written statements and supporting information submitted during the comment period will be considered with the same weight as oral testimony and supporting information presented at the public hearing.

Please note that any updates made to any aspect of the hearing will be posted online at *https://www.epa.gov/ghgreporting.* While the EPA expects the hearing to go forward as set forth above, please monitor our website or contact the public hearing team at (888) 372–8699 or by email at *NRDpublichearing@epa.gov* to determine if there are any updates. The EPA does not intend to publish a document in the **Federal Register** announcing updates.

If you require special accommodation such as audio description, please pre-register for the hearing with the public hearing team and describe your needs by October 21, 2026. The EPA may not be able to arrange accommodations without advance notice.

*Docket.* The EPA has established a docket for this rulemaking under Docket ID No. EPA–HQ–OAR–2025–0186. All documents in the docket are listed at *https://www.regulations.gov.* Although listed, some information is not publicly available, *e.g.,* Confidential Business Information (CBI) or other information whose disclosure is restricted by statute. The EPA does not place certain other material, such as copyrighted material, on the internet; this material is publicly available only as Portable Document Format (PDF) versions and accessible only on EPA computers in the docket office reading room. The public cannot download certain databases and physical items from the docket but may request these items by contacting the docket office by telephone at (202) 566–1744. The docket office has 10 business days to respond to such requests. Except for these items, publicly available docket materials are available electronically at *https://www.regulations.gov.*

*Written Comments.* Direct your comments to Docket ID No. EPA–HQ–OAR–2025–0186. The EPA's policy is that the public docket will contain all comments received without change and made available online at *https://www.regulations.gov,* including any personal information provided, unless the comment includes information claimed to be CBI or other information for which a statute restricts disclosure. Do not submit electronically to *https://www.regulations.gov* any information that you consider to be CBI or other information for which a statute restricts disclosure. You should submit this type of information as described in the *Submitting CBI* section of this preamble.

The EPA may publish any comment received to its public docket. A written comment must accompany multimedia submissions (audio, video, *etc.*). The EPA considers the written comment to be the official comment, and it should include discussion of all points you wish to make. The EPA will generally not consider comments or comment contents located outside of the primary submission (*i.e.,* on the Web, cloud, or other file sharing system). For additional submission methods, the full EPA public comment policy, information about CBI or multimedia submissions, and general guidance on making effective comments, please visit *https://www.epa.gov/dockets/commenting-epa-dockets.*

The *https://www.regulations.gov* website allows you to submit your comment anonymously, which means the EPA will not know your identity or contact information unless you provide it in the body of your comment. If you send an email comment directly to the EPA without going through *https://www.regulations.gov,* your email address will be automatically captured and included as part of the comment that is placed in the public docket and made available on the internet. If you submit an electronic comment, the EPA recommends that you include your name and other contact information in the body of your comment and with any digital storage media you submit. If the EPA cannot read your comment due to technical difficulties and cannot contact you for clarification, the EPA may not be able to consider your comment. Electronic files should not include special characters or any form of encryption and be free of any defects or viruses. For additional information about the EPA's public docket, visit the EPA Docket Center homepage at *https://www.epa.gov/dockets.*

*Submitting CBI.* Do not submit information containing CBI to the EPA through *www.regulations.gov* or email. Clearly mark the part or all of the information that you claim to be CBI. For CBI information on any digital storage media that you mail to the EPA, mark the outside of the digital storage media as CBI and then identify electronically within the digital storage media the specific information that is claimed as CBI. In addition to one complete version of the comments that includes information claimed as CBI, you must submit a copy of the comments that does not contain the information claimed as CBI directly to the public docket through the procedures outlined in the *Instructions* section above. If you include other information whose disclosure is restricted by statute in your comment, clearly mark your submission as including that information. If you submit any digital storage media that does not contain CBI, mark the outside of the digital storage media clearly that

it does not contain CBI and note the docket ID. Information not marked as CBI will be included in the public docket and the EPA's electronic public docket without prior notice. Information marked as CBI will not be disclosed except in accordance with procedures set forth in 40 Code of Federal Regulations (CFR) part 2. Information whose disclosure is otherwise restricted by statute will be processed by the EPA Docket Center in accordance with the applicable statute.

Our preferred method to receive CBI is for it to be transmitted electronically using email attachments, File Transfer Protocol (FTP), or other online file sharing services (*e.g.,* Dropbox, OneDrive, Google Drive). Electronic submissions must be transmitted directly to the Office of Clean Air Programs (OCAP) CBI Office at the email address *ocapcbi@epa.gov,* and as described above, should include clear CBI markings and note the docket ID. If assistance is needed with submitting large electronic files that exceed the file size limit for email attachments, and if you do not have your own file sharing service, please contact the person listed in the **FOR FURTHER INFORMATION CONTACT** section of this preamble to receive instructions.

*Acronyms and Abbreviations.* The following acronyms and abbreviations are used in this document.

CAA Clean Air Act
CBI confidential business information
CFR Code of Federal Regulations
$CH_4$ methane
$CO_2$ carbon dioxide
e-GGRT electronic Greenhouse Gas Reporting Tool
EPA U.S. Environmental Protection Agency
ET Eastern time
E.O. Executive Order
FR Federal Register
GHG greenhouse gas
GHGRP Greenhouse Gas Reporting Program
HCFC hydrochlorofluorocarbon
HFC hydrofluorocarbon
$MTCO_{2e}$ metric tons of $CO_2$ equivalent
$N_2O$ nitrous oxide
NAICS North American Industry Classification System
OAR Office of Air and Radiation
OMB Office of Management and Budget
RFA Regulatory Flexibility Act
U.S. United States
UMRA Unfunded Mandates Reform Act of 1995

**Contents**

I. General Information
A. Executive Summary
B. Does this action apply to me?
C. Where can I get a copy of this document and other related information?
II. Background
A. What is the statutory authority for this action?
B. Description of Final Regulatory Amendments and Rationale
III. Request for Comment
IV. Statutory and Executive Orders
A. Executive Order 12866: Regulatory Planning and Review and Executive Order 13563: Improving Regulation and Regulatory Review
B. Executive Order 14192: Unleashing Prosperity Through Deregulation
C. Paperwork Reduction Act (PRA)
D. Regulatory Flexibility Act (RFA)
E. Unfunded Mandates Reform Act (UMRA)
F. Executive Order 13132: Federalism
G. Executive Order 13175: Consultation and Coordination With Indian Tribal Governments
H. Executive Order 13045: Protection of Children From Environmental Health Risks and Safety Risks
I. Executive Order 13211: Actions That Significantly Affect Energy Supply, Distribution, or Use
J. National Technology Transfer and Advancement Act (NTTAA)
K. Congressional Review Act (CRA)
L. Determination Under CAA Section 307(d)
M. Judicial Review

## I. General Information

### A. Executive Summary

The Greenhouse Gas Reporting Program (GHGRP, codified at 40 CFR part 98) applies to certain industrial facilities that emit greenhouse gases (GHG) (primarily facilities emitting at least 25,000 metric tons of carbon dioxide equivalents ($MTCO_2e$)), upstream suppliers of fossil fuels and industrial GHGs (such as carbon dioxide ($CO_2$) and hydrofluorocarbons (HFCs)), and industries that capture and sequester $CO_2$ as a means of reducing $CO_2$ emissions. Under the GHGRP, approximately 8,200 facilities, suppliers, and $CO_2$ injection sites submit data each year. Facilities calculate emissions using methodologies that are specified under the regulations and report data to the EPA using the electronic Greenhouse Gas Reporting Tool (e-GGRT). Annual reports covering emissions from the prior calendar year are due to the EPA by March 31st of each year. Once data are submitted, the EPA conducts a multi-step verification process to ensure reported data are accurate, complete, and consistent. If potential errors are identified, the EPA will notify the reporter, who can resolve the issue either by providing an acceptable response describing why the flagged issue is not an error or by correcting the flagged issue and resubmitting their annual GHG report.

On September 16, 2025, the EPA issued a proposed rule that reconsidered the GHGRP (90 FR 44591, here in after referred to as the "GHGRP Reconsideration Proposal"). Among other things, the EPA proposed that no industries would need to submit annual GHG reports for calendar year 2025. The EPA also proposed to extend the deadline for submitting the calendar year 2025 report (*i.e.,* the reporting year 2025 reporting deadline) from March 31, 2026, to June 10, 2026. The EPA subsequently received over 50,000 comments on the GHGRP Reconsideration Proposal. On February 27, 2026, the EPA issued a final rule that extended the reporting deadline (hereinafter "deadline") for the GHGRP for reporting year 2025 from March 31, 2026, to October 30, 2026 (91 FR 9712). In this action, the EPA is further extending the deadline for reporting year 2025 to March 10, 2027, to allow the EPA additional time to consider comments on the GHGRP Reconsideration Proposal and to take any final action before the further extended reporting year 2025 deadline.

### B. Does this action apply to me?

This interim final regulation affects entities that submit annual GHG reports pursuant to the GHGRP (40 CFR part 98). Entities affected by this action are owners or operators of facilities that are direct emitters or suppliers of GHGs or that sequester $CO_2$ underground. Regulated categories and entities include, but are not limited to, those listed in Table 1 of this preamble:

TABLE 1—EXAMPLES OF AFFECTED ENTITIES BY CATEGORY

| Category | North American Industry Classification Cystem (NAICS) | Examples of facilities that may be subject to 40 CFR part 98 |
|---|---|---|
| General Stationary Fuel Combustion Sources. | .............................. | Facilities operating boilers, process heaters, incinerators, turbines, and internal combustion engines. |

TABLE 1—EXAMPLES OF AFFECTED ENTITIES BY CATEGORY—Continued

| Category | North American Industry Classification Cystem (NAICS) | Examples of facilities that may be subject to 40 CFR part 98 |
|---|---|---|
| | 211 | Extractors of crude petroleum and natural gas. |
| | 321 | Manufacturers of lumber and wood products. |
| | 322 | Pulp and paper mills. |
| | 325 | Chemical manufacturers. |
| | 324 | Petroleum refineries, and manufacturers of coal products. |
| | 316, 326, 339 | Manufacturers of rubber and miscellaneous plastic products. |
| | 331 | Steel works, blast furnaces. |
| | 332 | Electroplating, plating, polishing, anodizing, and coloring. |
| | 336 | Manufacturers of motor vehicle parts and accessories. |
| | 221 | Electric, gas, and sanitary services. |
| | 622 | Health services. |
| | 611 | Educational services. |
| Electric Power Generation | 2211 | Generation facilities that produce electric energy. |
| Adipic Acid Production | 325199 | All other basic organic chemical manufacturing: Adipic acid manufacturing. |
| Aluminum Production | 331313 | Primary aluminum production facilities. |
| Ammonia Manufacturing | 325311 | Anhydrous ammonia manufacturing facilities. |
| Calcium Carbide Production | 325180 | Other basic inorganic chemical manufacturing: calcium carbide manufacturing. |
| Carbon Dioxide Enhanced Oil Recovery Projects. | 211120 | Oil and gas extraction projects using carbon dioxide enhanced oil recovery. |
| Caprolactam, Glyoxal, and Glyoxylic Acid Production. | 325199 | All other basic organic chemical manufacturing. |
| Cement Production | 327310 | Cement manufacturing. |
| Ceramics Manufacturing | 327110 | Pottery, ceramics, and plumbing fixture manufacturing. |
| | 327120 | Clay building material and refractories manufacturing. |
| Coke Calcining | 299901 | Coke; coke, petroleum; coke, calcined petroleum. |
| Electronics Manufacturing | 334111 | Microcomputers manufacturing facilities. |
| | 334413 | Semiconductor, photovoltaic (PV) (solid-state) device manufacturing facilities. |
| | 334419 | Liquid crystal display (LCD) unit screens manufacturing facilities; Microelectromechanical (MEMS) manufacturing facilities. |
| Electrical Equipment Manufacture or Refurbishment. | 33531 | Power transmission and distribution switchgear and specialty transformers manufacturing facilities. |
| Electricity generation units that report through 40 CFR part 75. | 221112 | Electric power generation, fossil fuel (*e.g.,* coal, oil, gas). |
| Electrical Equipment Use | 221121 | Electric bulk power transmission and control facilities. |
| Electrical transmission and distribution equipment manufacture or refurbishment. | 33361 | Engine, Turbine, and Power Transmission Equipment Manufacturing. |
| Ferroalloy Production | 331110 | Ferroalloys manufacturing. |
| Fluorinated Greenhouse Gas Production | 325120 | Industrial gases manufacturing facilities. |
| Geologic Sequestration | NA | $CO_2$ geologic sequestration sites. |
| Glass Production | 327211 | Flat glass manufacturing facilities. |
| | 327213 | Glass container manufacturing facilities. |
| | 327212 | Other pressed and blown glass and glassware manufacturing facilities. |
| Hydrochlorofluorocarbon (HCFC)–22 Production. | 325120 | Industrial gas manufacturing: HCFC gases manufacturing. |
| Hydrofluorocarbon (HFC)–23 destruction processes that are not collocated with a HCFC–22 production facility and that destroy more than 2.14 metric tons of HFC–23 per year. | 325120 | Industrial gas manufacturing: HFC gases manufacturing. |
| Hydrogen Production | 325120 | Hydrogen manufacturing facilities. |
| Industrial Waste Landfill | 562212 | Solid waste landfill. |
| Industrial Wastewater Treatment | 221310 | Water treatment plants. |
| Injection of Carbon Dioxide | 211 | Oil and gas extraction. |
| Iron and Steel Production | 333110 | Integrated iron and steel mills, steel companies, sinter plants, blast furnaces, basic oxygen process furnace (BOPF) shops. |
| Lead Production | 331 | Primary metal manufacturing. |
| Lime Manufacturing | 327410 | Lime production. |
| Magnesium Production | 331410 | Nonferrous metal (except aluminum) smelting and refining: Magnesium refining, primary. |
| Nitric Acid Production | 325311 | Nitrogenous fertilizer manufacturing: Nitric acid manufacturing. |
| Petroleum and Natural Gas Systems | 486210 | Pipeline transportation of natural gas. |
| | 221210 | Natural gas distribution facilities. |
| | 211120 | Crude petroleum extraction. |
| | 211130 | Natural gas extraction. |
| Petrochemical Production | 324110 | Petrochemicals made in petroleum refineries. |
| Petroleum Refineries | 324110 | Petroleum refineries. |
| Phosphoric Acid Production | 325312 | Phosphatic fertilizer manufacturing. |

TABLE 1—EXAMPLES OF AFFECTED ENTITIES BY CATEGORY—Continued

| Category | North American Industry Classification Cystem (NAICS) | Examples of facilities that may be subject to 40 CFR part 98 |
|---|---|---|
| Pulp and Paper Manufacturing | 322110 | Pulp mills. |
| | 322120 | Paper mills. |
| | 322130 | Paperboard mills. |
| Miscellaneous Uses of Carbonate | Facilities included elsewhere | |
| Municipal Solid Waste Landfills | 562212 | Solid waste landfills. |
| | 221320 | Sewage treatment facilities. |
| Silicon Carbide Production | 327910 | Silicon carbide abrasives manufacturing. |
| Soda Ash Production | 325180 | Other basic inorganic chemical manufacturing: Soda ash manufacturing. |
| Suppliers of Carbon Dioxide | 325120 | Industrial gas manufacturing facilities. |
| Suppliers of Industrial Greenhouse Gases. | 325120 | Industrial greenhouse gas manufacturing facilities. |
| Suppliers of Coal-based Liquid Fuels | 211130 | Coal liquefaction at mine sites. |
| Suppliers of Natural Gas and Natural Gas Liquids. | 221210 | Natural gas distribution facilities. |
| | 211112 | Natural gas liquid extraction facilities. |
| Suppliers of Petroleum Products | 324110 | Petroleum refineries. |
| Titanium Dioxide Production | 325180 | Other basic inorganic chemical manufacturing: Titanium dioxide manufacturing. |
| Underground Coal Mines | 212115 | Underground coal mining. |
| Zinc Production | 331410 | Nonferrous metal (except aluminum) smelting and refining: Zinc refining, primary. |
| Importers and Exporters of Pre-charged Equipment and Closed-Cell Foams. | 423730 | Air-conditioning equipment (except room units) merchant wholesalers. |
| | 333415 | Air-conditioning equipment (except motor vehicle) manufacturing. |
| | 423620 | Air-conditioners, room, merchant wholesalers. |
| | 449210 | Electronics and Appliance retailers. |
| | 326150 | Polyurethane foam products manufacturing. |
| | 335313 | Circuit breakers, power, manufacturing. |
| | 423610 | Circuit breakers and related equipment merchant wholesalers. |

Table 1 of this preamble is not intended to be exhaustive but rather provides a guide for readers regarding entities likely affected by this action. This table lists the types of entities that could potentially be affected by this action. Other types of entities than those listed in the table could also be subject to this action. Many entities that are affected by 40 CFR part 98 have GHG emissions from multiple source categories listed in Table 1 of this preamble. If you have questions regarding the applicability of this action to a particular facility, consult the **FOR FURTHER INFORMATION CONTACT** section.

*C. Where can I get a copy of this document and other related information?*

In addition to being available in the docket (Docket ID No. EPA–HQ–OAR–2025–0186), an electronic copy of this action will be available on the internet at *https://www.epa.gov/ghgreporting.*

## II. Background

*A. What is the statutory authority for this action?*

The EPA is extending the regulatory deadline of the GHGRP for reporting year 2025, which was promulgated pursuant to Clean Air Act (CAA) section 114 and under the authority provided in CAA section 136 for certain segments of the petroleum and natural gas source category (subpart W).

The EPA's authority for the rulemaking procedures followed in this interim final rule is provided by Administrative Procedure Act (APA) section 553(b)(B), 5 U.S.C. 553(b)(B), which allows an agency to forego prior notice and comment "when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefore in the rule issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." This interim final rule is being issued without prior notice or opportunity for public comment because the EPA finds that prior notice and comment would be impracticable and contrary to the public interest under the current circumstances.

As discussed in section II.B of this preamble, this interim final rule amends the GHGRP to extend the reporting year 2025 deadline from October 30, 2026, to March 10, 2027, to allow the EPA additional time to consider comments on the GHGRP Reconsideration Proposal and to take any final action on that proposal. The EPA finds that it is impracticable and contrary to the public interest for the Agency to provide notice and comment prior to issuing this interim final rule because there is not adequate time for the notice-and-comment process prior to the October 30, 2026 deadline that this interim final rule extends.

Additionally, in a typical reporting year the Agency allows six weeks for reporters to work within the e-GGRT system to prepare and submit reports. Should the EPA later take final action on the GHGRP Reconsideration Proposal by retaining all or many existing reporting obligations, this revised deadline would allow regulated entities sufficient time to react to that final decision and work in the e-GGRT system to prepare and submit reports. Conversely, should the EPA later take final action on the GHGRP Reconsideration Proposal by finalizing all or most of the proposed rescissions and revisions, this revised deadline would allow regulated entities sufficient time to adjust their compliance efforts and avoid wasted time and effort.

As previously stated, the EPA notes that extending the reporting deadline will also allow the Agency time if needed to prepare and release the e-GGRT system in advance of the revised

RY2025 reporting deadline. In addition, the EPA notes that the GHGRP requires facilities to submit reports electronically in a format specified by the Administrator.[1] The EPA developed the e-GGRT for facilities to use to prepare and submit reports in accordance with this requirement. The e-GGRT system performs thousands of internal electronic validation and consistency checks, and appropriately safeguards information, including controlled unclassified information such as protects sensitive business information/confidential business information (SBI/CBI). Typically, the EPA would release e-GGRT six weeks in advance of the deadline so that facilities would have ample time to prepare and electronically submit reports prior to the deadline. As there is not adequate time for the EPA to have the electronic reporting tool prepared in time for the October 30, 2026, reporting year 2025 deadline that this rule extends, this also supports EPA's finding that it is impracticable and contrary to the public interest for the Agency to provide notice and comment prior to issuing this interim final rule.

Furthermore, this action serves the public benefit by reducing risk of harm to regulated entities from inadvertently or hastily reporting erroneous or unnecessary information that could later be made public. This extension also ensures that entities subject to the GHGRP could benefit from any burden reduction revisions that the EPA may make for the 2025 reporting year in any separate final action following the GHGRP Reconsideration Proposal and/or have adequate time to prepare and submit reporting year 2025 reports.

This final rule is effective immediately upon publication. Section 553(d)(1) of the Administrative Procedure Act, 5 U.S.C. 553(d)(1), provides that final rules shall not become effective until 30 days after publication in the **Federal Register** ''except . . . a substantive rule which grants or recognizes an exemption or relieves a restriction.'' The purpose of this provision is to ''give affected parties a reasonable time to adjust their behavior before the final rule takes effect.'' *Omnipoint Corp.* v. *Fed. Commc'n Comm'n,* 78 F.3d 620, 630 (D.C. Cir. 1996); see also *United States* v. *Gavrilovic,* 551 F.2d 1099, 1104 (8th Cir. 1977). However, when the agency grants or recognizes an exemption or relieves a restriction, affected parties do not need a reasonable time to adjust because the effect is not adverse. Absent this action, regulated entities would have insufficient time to prepare and submit annual reports in the e-GGRT system, and by extending the deadline, this action relieves that restriction. Therefore, the normal 30-day minimum period between this action's dates of publication and effectiveness is not required. Accordingly, the EPA is making this rule effective immediately upon publication.

*B. Description of Final Regulatory Amendments and Rationale*

In this final action, the EPA is amending subpart A (General Provisions) at 40 CFR 98.3(b)(6) to extend the reporting year 2025 deadline to March 10, 2027. As explained in the GHGRP Reconsideration Proposal, the deadline is set in the regulation, and the only way that the EPA can alter the deadline for any year is through a regulatory amendment. This extension only applies to the reporting year 2025 deadline. This action will further extend the reporting year 2025 deadline to allow the EPA additional time to consider comments on the GHGRP Reconsideration Proposal and to take any final action before the further extended reporting year 2025 deadline of March 10, 2027. This extension ensures that entities subject to the GHGRP could benefit from any burden reduction revisions that the EPA may make for the 2025 reporting year in any separate final actions following the GHGRP Reconsideration Proposal and/or have adequate time to prepare and submit reporting year 2025 reports. Additionally, at this point the EPA cannot have the electronic reporting tool prepared in time for the October 30, 2026, reporting year 2025 deadline, consistent with the GHGRP requirements that facilities submit reports electronically in a format specified by the Administrator.[2]

**III. Request for Comment**

As explained in section II.A of this preamble, the EPA finds good cause to issue this interim final rule without prior notice or opportunity for public comment. However, the EPA is providing an opportunity for the public to comment on the EPA's action to extend the deadline under the GHGRP for reporting year 2025 data from October 30, 2026, to March 10, 2027. The EPA intends to review comments received and consider whether this action should be revised, if appropriate, in response to comments received. If the EPA takes additional action on this interim final rule, as described in Section IV.L of this preamble, the Administrator has determined that subsequent final action will be subject to the requirements of CAA section 307(d), pursuant to section 307(d)(1)(V).

**IV. Statutory and Executive Order Reviews**

Additional information about these statutes and Executive Orders can be found at *www.epa.gov/laws-regulations/laws-and-executive-orders.*

*A. Executive Order 12866: Regulatory Planning and Review and Executive Order 13563: Improving Regulation and Regulatory Review*

This action is a significant regulatory action under section 3(f) of Executive Order 12866. Accordingly, it was submitted to the Office of Management and Budget (OMB) for review. Any changes made in response to OMB recommendations have been documented in the docket.

*B. Executive Order 14192: Unleashing Prosperity Through Deregulation*

This action is considered an Executive Order 14192 deregulatory action. This final rule provides burden reduction by extending the reporting deadline to March 10, 2027.

*C. Paperwork Reduction Act (PRA)*

This action does not impose any new information collection burden under the PRA. OMB has previously approved the information collection requirements contained in the existing regulation and has assigned OMB control number 2060–0629, OMB control number 2060–0748, and OMB control number 2060–0751. This interim final rule extends the deadline for submitting annual GHG reports for reporting year 2025 data from October 30, 2026, to March 10, 2027.

*D. Regulatory Flexibility Act (RFA)*

I certify that this final action will not have a significant economic impact on a substantial number of small entities under the RFA. In making this determination, the EPA concludes that the impact of concern for this rule is any significant adverse economic impact on small entities and that the agency is certifying that this rule will not have a significant economic impact on a substantial number of small entities because the rule relieves regulatory burden on the small entities subject to the rule. This action relieves regulatory burden, as it extends the reporting year 2025 deadline and provides entities more time to prepare annual GHG reports for that reporting year. We have therefore concluded that this action will relieve regulatory burden for all directly regulated small entities.

[1] 40 CFR 98.5.

[2] 40 CFR 98.5.

*E. Unfunded Mandates Reform Act (UMRA)*

This action does not contain an unfunded mandate as described in UMRA, 2 U.S.C. 1531–1538 and does not significantly or uniquely affect small governments. This action imposes no enforceable duty on any state, local, or Tribal governments. Requirements for the private sector do not exceed $100 million in any one year.

*F. Executive Order 13132: Federalism*

This action does not have federalism implications. It will not have substantial direct effects on the states, on the relationship between the national government and the states, or on the distribution of power and responsibilities among the various levels of government.

*G. Executive Order 13175: Consultation and Coordination With Indian Tribal Governments*

This action does not have Tribal implications as specified in Executive Order 13175. The rule does not result in any changes to the requirements of Part 98 other than extending the deadline for submitting annual GHG reports for reporting year 2025 data from October 30, 2026, to March 10, 2027. Thus, Executive Order 13175 does not apply to this action.

*H. Executive Order 13045: Protection of Children From Environmental Health Risks and Safety Risks*

The EPA interprets Executive Order 13045 as applying only to those regulatory actions that concern environmental health or safety risks that the EPA has reason to believe may disproportionately affect children, per the definition of "covered regulatory action" in section 2–202 of the Executive Order. This action solely extends the reporting year 2025 deadline.

Therefore, this action is not subject to Executive Order 13045, because it does not concern an environmental health risk or safety risk. Since this action does not concern human health, EPA's Policy on Children's Health also does not apply.

*I. Executive Order 13211: Actions That Significantly Affect Energy Supply, Distribution, or Use*

This action is not a "significant energy action" because it is not likely to have a significant adverse effect on the supply, distribution or use of energy. This action solely moves a reporting deadline from October 30, 2026, to March 10, 2027, and makes no changes that affect the supply, distribution, or use of energy.

*J. National Technology Transfer and Advancement Act (NTTAA)*

This rulemaking does not involve technical standards.

*K. Congressional Review Act (CRA)*

This action is subject to the CRA, and the EPA will submit a rule report to each House of the Congress and to the Comptroller General of the United States. This action is not a "major rule" as defined by 5 U.S.C. 804(2).

*L. Determination Under CAA Section 307(d)*

Pursuant to CAA section 307(d)(1)(V), the Administrator has determined that any subsequent final action on this interim final rule will be subject to the provisions of CAA section 307(d). Section 307(d)(1)(V) of the CAA provides that the provisions of CAA section 307(d) apply to "such other actions as the Administrator may determine."

*M. Judicial Review*

Under CAA section 307(b)(1), any petition for review of this final rule must be filed in the U.S. Court of Appeals for the District of Columbia Circuit by December 14, 2026. This rulemaking revises the submission deadline for submitting annual GHG reports for reporting year 2025, which applies to owners and operators of facilities and suppliers for all source categories of 40 CFR part 98. These facilities and suppliers are located across the United States and therefore this rulemaking is "nationally applicable" within the meaning of CAA section 307(b)(1). Under CAA section 307(b)(2), the requirements established by this final rule may not be challenged separately in any civil or criminal proceedings brought by the EPA to enforce the requirements.

**List of Subjects in 40 CFR Part 98**

Environmental protection, Administrative practice and procedure, Greenhouse gases, Reporting and recordkeeping requirements.

**Lee Zeldin,**
*Administrator.*

For the reasons stated in the preamble, the Environmental Protection Agency amends 40 CFR part 98 as follows:

## PART 98—MANDATORY GREENHOUSE GAS REPORTING

■ 1. The authority citation for part 98 continues to read as follows:

**Authority:** 42 U.S.C. 7401–7671q.

### Subpart A—General Provision

■ 2. Amend § 98.3 by revising paragraph (b)(6) to read as follows:

**§ 98.3 What are the general monitoring, reporting, recordkeeping and verification requirements of this part?**

* * * * *

(b) * * *

(6) The annual GHG report for reporting year 2025 must be submitted no later than March 10, 2027.

* * * * *

[FR Doc. 2026–20982 Filed 10–13–26; 8:45 am]

BILLING CODE 6560–50–P